# UNITED STATES DISTRICT COURT FILED
## DISTRICT OF CONNECTICUT

2005 NOV 30 P 12: 27

| | |
|---|---|
| INFRA-METALS, CO., <br> Plaintiff, | |
| v. | CIVIL ACTION NO. <br> 3:05-cv-559 (JCH) |
| TOPPER & GRIGGS GROUP, INC. <br> T.D. BANKNORTH, N.A., and <br> J. DAVID WARD, <br> Defendants. | NOVEMBER 29, 2005 |

## RULING RE DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 33, 34, 35]

The plaintiff, Infra-Metals Co. ("Infra-Metals") brings this action against the defendants, Topper & Griggs Group, LLC, Banknorth N.A.[1], and J. David Ward, asserting claims under Connecticut state law for successor liability, fraudulent transfer under Conn.Gen.Stat. §§ 52-552a et seq., and fraud. The plaintiff properly brings this under the jurisdiction of this court pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. Topper & Griggs Group, LLC ("TGG") and Banknorth have brought separate motions to dismiss each count of the plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and Fed.R.Civ.P. 9(b) for failure to state claims sounding in fraud with sufficient particularity.[2] For the following reasons, the motions to dismiss are GRANTED in part and DENIED in part.

---

[1] In its own pleadings, Banknorth, N.A. refers to itself as "T.D. Banknorth." The court will hereinafter refer to this party as "Banknorth."

[2] The court will treat TGG's Motion to Dismiss [Dkt. No. 33] and TGG's Cross-Motion to Dismiss Count I of the Plaintiff's Complaint [Dkt. No. 35] as a single motion.

## I.  FACTUAL BACKGROUND[3]

Infra-Metals is a Georgia corporation with its principal place of business in Georgia. TGG is a Massachusetts limited liability company with its principal place of business in Connecticut. According to Infra-Metals, TGG is the successor in interest to Topper & Griggs, Inc. ("TGI"), which is not a party to this action. J. David Ward is the owner and president of TGI, and a resident of Connecticut. Banknorth is a "national banking association" that is, or has been, TGI's lender.

At various dates prior to, and including, October 26, 2004, Infra-Metals provided structural steel to TGI on credit. As of February 25, 2005, TGI owed Infra-Metals the principal amount of $115,240.11 and had been invoiced by Infra-Metals for this amount.

On or before February 25, 2005, without notice to Infra-Metals, Ward and Banknorth transferred substantially all of the assets of TGI to TGG and Banknorth. Following the transfer, TGG and Banknorth assumed TGI's business operations in Plainville, Connecticut and continued to operate TGI's business under the "Topper & Griggs" name. The Complaint further alleges that the transfer was made to "hinder, delay, or defraud" certain creditors of TGI and that the transfer was made without the "receipt of reasonably equivalent value" and left TGI with assets that were "unreasonably small in relation" to its business or TGI intended to incur "debts beyond its ability to pay as they became due." Complaint, ¶ 14 [Dkt. No. 1]. The complaint also

---

[3] The court takes the facts alleged in the plaintiff's complaint as true, as it must, and draws all inferences in plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). The court has not reviewed the affidavits referenced by the defendants in their motions to dismiss in connection with the resolution of these motions.

alleges that defendants Ward, Banknorth, and TGG were insiders in control of TGI, and that the transfer caused TGI to become insolvent. Id. at ¶¶ 15-16.

By letter on March 5, 2005, Ward informed Infra-Metals of the transfer, indicating that TGI would not be paying the Infra-Metals debt but that TGG and Banknorth would continue TGI's business operations and assume certain contractual obligations of TGI to other parties.

Infra-Metals brought suit against the defendants on March 31, 2005, asserting claims against all parties for successor liability, fraudulent transfer under Conn.Gen.Stat. §§ 52-552a et seq., and common law fraud. Infra-Metals seeks monetary and equitable relief.

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Reed v. Town of Branford, 949 F. Supp. 87, 89 (D. Conn. 1996). In considering such a motion, the court accepts the factual allegations alleged in the complaint as true and draws all inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). "In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996). The undertaking is "not to weigh the evidence that might be

presented at a trial but merely to determine whether the complaint itself is legally sufficient." Velez v. Levy, 401 F.3d 75, 80 (2d Cir. 2005). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

## III.   DISCUSSION

### 1.   Successor Liability Claim

Both TGG and Banknorth move to dismiss Infra-Metals' successor liability claim, arguing that Infra-Metals has insufficiently alleged, and could not "credibly" allege, successor liability. TGG's Cross-Motion to Dismiss, p. 2 [Dkt. No. 35]. The bases for successor liability in Connecticut were described by the district court in Ricciardello v. J.W. Gant & Company, 717 F.Supp. 56, 57-58 (D.Conn. 1989):

> Under the general rule, a corporation which purchases all the assets of another company does not become liable for the debts and liabilities of its predecessor unless (1) the purchase agreement expressly or impliedly so provides; (2) there was a merger or consolidation of the two firms; (3) the purchaser is a "mere continuation" of the seller; or (4) the transaction is entered into fraudulently for the purpose of escaping liability.

Numerous Connecticut courts have since adopted this standard. See, e.g., Chamlink Corp. v. Merritt Extruder, No. CV044000037, 2005 WL 1097311, at *2 (Conn. Super. April 11, 2005); Peglar & Associates, Inc. v. Prof'l Indem. Underwriters Corp., No. X05CV970160824S, 2002 WL 1610037, *6 (Conn. Super. June 19, 2002); Piaser v. Cohen, No. CV 950149192S, 1997 WL 435841, at *1 (Conn. Super. July 21, 1997). Several Connecticut courts have also recognized a fifth exception for "product line" continuity. See, e.g., Chamlink, 2005 WL 1097311 at *2 (recognizing product line

-4-

exception but noting that it has only been applied in strict product liability cases); Kennedy v. Oshkosh Truck Corp., No. CV920510394S, 1995 WL 27400, at *2 )(Conn. Super. Jan. 18, 1995).

Both TGG and Banknorth argue, largely on the basis of affidavits that had been submitted in connection with a previous motion in this case, that Infra-Metals cannot prove any of the factual predicates necessary to meet one of the successor liability exceptions. In response, Infra-Metals argues that, as plead, its complaint plausibly alleges successor liability under any of the theories described above. The affidavit evidence relied on by TGG and Banknorth cannot be considered in evaluating a motion to dismiss. Moreover, Infra-Metals points out, Connecticut courts treat the successor liability exceptions as a multi-factor balancing tests, and thus it is not necessary to plead the specific facts that TGG and Banknorth identify. See, e.g. Peglar, 2002 WL 1610037, at *7 ("Not every one these indicia must be established, however, but the court should apply more of a balancing test."). Accordingly, the court finds that Infra-Metals has met the notice pleading requirements of Fed.R.Civ. P. 8 in asserting its claim for successor liability against TGG and Banknorth.[4]

### 2. Fraudulent Transfer Claim

TGG argues that Infra-Metals' second claim for fraudulent transfer under Conn. Gen. Stat. §§ 52-552a et seq. is insufficiently plead under Rule 9(b). There are two theories available to a plaintiff under section 52-552e to prove fraudulent conveyance:

---

[4] To the extent that Infra-Metals wishes to establish successor liability on the basis of a fraud theory, it must replead the specific facts giving rise to the fraud theory with particularity, consistent with Fed.R.Civ.P. 9(b). See Ricciardello, 717 F.Supp. at 59. Infra-Metals is hereby granted until **December 21, 2005** to replead a fraud-based theory of successor liability.

actual fraud and constructive fraud. Conn.Gen.Stat. § 52-552e; see also Chemical Bank v. Dana, 234 B.R. 585, 592 (D.Conn. 1999)(citing cases). Here, Intra-Metals has asserted a fraudulent transfer claim under both theories.

To state a fraudulent transfer claim against a debtor under a constructive fraud theory, section 52-552e(a)(2) requires that a creditor assert that his claim arose before the transfer occurred and that the debtor made a transfer "without receiving equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remain assets of the debtor were unreasonably small in relation to the business or transaction, or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." Infra-Metals has plead each of these elements and has thus sufficiently stated a fraudulent transfer claim under a constructive fraud theory. Complaint, ¶¶ 14-15.

Infra-Metals' complaint sufficiently asserts a fraudulent transfer claim under an actual fraud theory as well. To state a claim for actual fraud under section 52-552e, a creditor must plead that his claim arose before the transfer occurred and that the transfer was made "with actual intent to hinder, delay or defraud any creditor of the debtor." "A plaintiff alleging a fraudulent conveyance is required to plead only the requisite mental state with particularity." Nat. Council on Comp. Ins., Inc. v. Caro & Graifman, P.C., 259 F.Supp.2d 172, 179 (D.Conn. 2003). Under Rule 9(b), "malice, intent, knowledge, and other condition of mind may be averred generally" and "[c]onclusory allegations of scienter are sufficient if supported by facts giving rise to a strong inference of fraudulent intent." Fed.R.Civ.P. 9(b); Nat. Council, 259F.Supp.2d at

179 (quoting IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993). Furthermore, the district court in D.A.N. Joint Venture v. Coady, No. 3:04CV564(RNC), 2004 WL 2381555, at *2 (D.Conn. Oct 4, 2004), found that fraud was sufficiently plead under Rule 9(b) in a claim under section 52-552e(1) where the plaintiff used Official Form 13, as appended to the Federal Rules of Civil Procedure, which only requires that a plaintiff plead that the defendant "conveyed all his property . . . for the purpose of defrauding plaintiff." Fed.R.Civ.P. Form 13.

Infra-Metal has pled that the transfer was made with the actual intent to hinder delay and defraud TGI's creditors. Complaint, ¶ 13. Infra-Metal's complaint also alleges that the defendants were insiders in control of TGI: dealing to insiders is explicitly listed as a factor in section 52-552e(b) in establishing an actual fraud theory of fraudulent transfer. Id. at ¶ 15; Conn.Gen.Stat. § 52-552e(b)(1). Thus, the court finds that Infra-Metals has sufficiently plead circumstances giving rise to an inference of fraudulent intent.

TGG also argues that Infra-Metals has failed to plead that TGG has disposed of the transferred property, and thus is unable to seek damages for its fraudulent transfer claim. See Robinson v. Coughlin, 266 Conn. 1,*9 (Conn. 2003)("a damages award against a fraudulent transferee generally is appropriate only where the transferee subsequently disposes of the transferred property and retains the proceeds of that disposition.")(quotation marks omitted). In its response, Infra-Metals contends that it does not seek damages, but only equitable relief, for its fraudulent transfer claim, and thus TGG's argument is moot.

Banknorth argues that the challenged transfer was a liquidation of collateral by a

secured party and is thus exempt from the list of avoidable transfers in Connecticut's Uniform Fraudulent Transfer Act. Banknorth's argument relies on facts beyond those plead in the complaint, and thus it cannot be considered in this Rule 12(b)(6) motion to dismiss.

### 3. Common Law Fraud

Both TGG and Banknorth attack the sufficiency of the pleadings of Infra-Metal's fraud claim under Rules 12(b)(6) and 9(b). "The essential elements of a cause of action in fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Wallenta v. Moscowitz, 81 Conn.App. 213, 219 (Conn.App. 2004).

Under Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). "[T]he complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir.1995) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). "In addition, the complaint should explain how the misrepresentations were fraudulent and "plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001) (citing Connecticut Nat'l. Bank v. Fluor Corp., 808 F.2d 957, 962 (2d Cir.1987)).

For the foregoing reasons, defendants TGC and Bankroft's Motions to Dismiss [Dkt. Nos. 33, 34, 35] are hereby DENIED as to Counts I and II of plaintiff Infra-Metals' Complaint [Dkt. No. 1], and GRANTED as to Count III without prejudice to replead by December 21, 2005. Infra-Metals may also replead a fraud-based theory for Count I by December 21, 2005.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of November, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge